### Soper & al. *versus* Veazie.

When the plaintiff in aid of his book account, testifies that the article in controversy was delivered, not to the defendant, but to another person for the defendant's use, the book is to be excluded, unless there also be other proof that such third person was in the agency of the defendant.

Exceptions from the District Court, Hathaway, J. They were taken to that ruling, by which the plaintiffs' book of account was excluded as evidence.

*Hilliard*, for the plaintiff.

*Peters*, for the defendant.

TENNEY, J. — It appears by the exceptions, that after all the testimony of the witnesses, and the evidence contained in the depositions were adduced, the plaintiffs offered their book of accounts, and the suppletory oath of the plaintiff, William R. Soper. The oath being administered, he stated, that none of the articles charged, were delivered to the defendant, but to Joseph L. Smith, Hiram Smith and Van Rensalaer Colson, whose testimony was in the case. Upon objection of the defendant, the book was excluded.

The book would not have been objectionable, on account of the articles therein charged, not having been delivered to the defendant personally, if there had been evidence tending to show, that they were received by any one, who was his agent authorized for that purpose. *Mitchell* v. *Belknap*, 23 Maine, 481. But it does not appear, that any article charged, was taken by one, whose agency is attempted to be shown by the least evidence in the case, and the book, if suffered to go to the jury, could have had no legitimate effect.

*Exceptions overruled.*